TAYLOR, Plaintiff-Appellee, v. CONTINENTAL ASSURANCE COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5445. Decided October 8, 1956.

George T. Tarbutton, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, James O. Seymour, Charles D. Minor, of Counsel, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiff for $1000.00, interest and costs on the first cause of action of her petition.

The cause was tried to a judge without the intervention of jury. After the submission of the case the trial judge returned a written opinion in which he held that the plaintiff should have judgment for $1000.00 on the first cause of action and $1000.00 on the second cause of action of her petition. Thereafter, the court notified counsel that the judgment entry should be for the plaintiff on the first cause of action, only, and it was prepared accordingly with a **finding** for the defendant on the second cause of action. (Emphasis ours.)

Defendant appeals and assigns four errors:

(1) The Court erred in rendering judgment in favor of plaintiff in the amount of $1000.00 on plaintiff's first cause of action.

(2) The Court erred in overruling defendant's motion for judgment.

(3) The Court erred in overruling defendant's application and motion for a new trial.

(4) The judgment is contrary to law.

All assignments raise substantially the same question.

The plaintiff is the widow of Charles W. Taylor, deceased, who in his lifetime was an employee of the Ft. Hayes Hotel Company, Columbus, Ohio, and had been in the employ of said company for more than five years prior to his decease. The Ft. Hayes Hotel Company since April 9. 1937, was the holder of a policy of group insurance issued by defendant company wherein the employees of the company were protected and under a certificate issued to plaintiff's decedent she was designated a beneficiary.

The record is made up of a stipulation of the parties together with the transcription of the testimony of plaintiff. From the stipulation it appears that the policy after notices from the employer had been cancelled of date December 9, 1950. The stipulation makes no reference to days of grace and we therefore must assume that all rights under the days of grace provision in the policy were terminated as of December 9, 1950. On or about October 13, 1950, while plaintiff's decedent was employed by Ft. Hayes Hotel Company and was under 60 years of age he became permanently and totally disabled as a result of bodily injuries suffered during the course of and arising out of his employment and was thereafter permanently, continuously and wholly prevented thereby for life from engaging in any occupation and performing any work for wage or profit. This is stipulation No. 7 and conforms in language to the requirements of the policy as to benefits to an insured employee for permanent disability subject only to the necessity of notice as provided in the policy.

Stipulation No. 8 is to the effect that plaintiff's decedent died January 31, 1951, as a result of the bodily injury and/or disease set forth in Stipulation No. 7. This fact is sufficient to establish the right of plaintiff to death benefit under the policy if effective on the date of his death and if requisite notice to the company is established according to the terms of the contract of insurance.

The stipulation sets forth no fact respecting notice to the defendant company of the permanent and total disability of plaintiff's decedent or of his death, but the testimony of plaintiff is directed to the issue of notice to the company of the disability of decedent.

Plaintiff pleads compliance with the requirements of the policy as to notice as to permanent and total disability and of decedent's death. Defendant denies specifically receipt of notice of Taylor's permanent disability and by general denial notice as to his death and that the policy was in effect as of the date of the death of plaintiff's decedent.

The testimony of the plaintiff respecting the notice that she claims was sent to defendant company relates entirely to decedent's permanent and total disability. It could not relate to his death because the notice to which she refers was given prior to decedent's death and there is no proof whatever of any notice to the company of the death of plaintiff's decedent.

The judgment on review is on the first cause of action which is

predicated entirely upon the right of plaintiff to recover as beneficiary in the policy by reason of the death of her husband. The court held in opinion and entry against plaintiff on the second cause of action which sought to recover on the basis of the permanent and total disability provision of the policy.

Clearly, plaintiff's right to recover under the second cause of action is much stronger than under the first.

As we understand, it is the contention of plaintiff first, that under the provision in the policy as to insured's death, certain rights vested in him upon his suffering total disability which were not abrogated by his death, and second, that under the terms of the group policy, the insured was entitled to have a policy of insurance upon his life issued to him upon the termination of the master policy by the Ft. Hayes Company and that this right could not be denied plaintiff's decedent without notice to him of the termination of the master policy.

The first contention is not valid because if any right was vested in the insured employee or in the plaintiff, it was in that clause of the policy relating to the liability of the company upon the permanent and total disability of the insured which occurred during the life of the policy. This could not have the effect of vesting any right on the liability for the death of the insured which is the basis of the judgment under review.

The second contention is predicated upon this language in the policy:

"3. EMPLOYEES INDIVIDUAL CERTIFICATE:—The Company will issue to the Employer for delivery to each Employee whose life is insured hereunder an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, and containing provision to the effect that in case of the termination of the employment for any reason whatsoever the Employee shall be entitled to have issued to him by the Company without further evidence of insurability, and upon application made to the Company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any one of the forms customarily issued by the Company, except term insurance, in an amount equal to the amount of the Employee's protection under this policy at the time of the termination of his employment."

Although the Employee's Certificate is not attached to the Bill nor carried with the stipulation, presumably, it contained the language in paragraph 3, just quoted. The provision assured the employee the right upon the termination of his employment to have issued to him a policy by the company without further evidence of insurability. But such right was conditioned upon the further terms of the paragraph, namely, "upon application made to the company within 31 days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age." Such an application was not made to the company nor was any premium paid by the insured employee. We cannot hold with the plaintiff upon her contention of the meaning of this provision of the policy. The certificate was in the possession of the insured em-

ployee; he or someone acting for him must have known of his termination of employment and were put upon notice that a new policy could be issued to him only upon the terms and conditions specified. We are not clear whether plaintiff's claim is predicated upon the theory that the policy could not be terminated by the Company without notice to him or that by reason of his disability, his employment had terminated with the Ft. Hayes Hotel Company. The latter is the condition set forth in the policy under which the employee had the right to have another policy issued to him.

It is specifically urged by appellee that under §3917.06 (E) R. C., the company could not terminate the policy without notice to the insured employee. An examination of the language of this paragraph of the section discloses that the policy here carries the identical language of **Paragraph (E)**. Continuing, the section, **Paragraph (F)** provides:

"A provision that if the group policy terminates or is amended so as to terminate the insurance of any class of insured persons, every person insured thereunder at the date of such termination whose insurance terminates and who has been so insured for at least five years prior to such termination date is entitled to have issued to him by the insurer an individual policy of life insurance, subject to the same conditions as are provided by division (E) of this section, * * *."

The policy in terms conforms to (F) of the section. There is no requirement that specific notice of termination of the group policy be given to insured employees who have been issued their certificates.

To conform to plaintiff's contention it would be necessary not only that it be held that the insured employee was entitled to notice that the group policy had been terminated, but also if such notice was not given a policy would automatically be issued to him covering both permanent disability and death. We agree that it would be desirable that some notice be accorded to employees covered by group policy of its termination so that they might be assured of the accrual of the right to have a new policy issued to them, but we cannot hold that the phraseology employed in the section will permit of this construction.

We are impressed with the fact that the stipulation as to the permanent and total disability of plaintiff's decedent during his employment with the Ft. Hayes Company and during the life of the policy, would clearly entitle the plaintiff to recovery as beneficiary under the policy had she given the requisite notice. Whether or not she gave such notice is not vital to this appeal because the judgment is not based upon the permanent disability clause, but upon the death provision.

The judgment in this court must be for the defendant as to the first cause of action as all errors assigned are well made.

It will be noted that there is no judgment on the second cause of action but a finding only for the defendant. Plaintiff could not have appealed from this finding against her, and we express no final opinion on the merits of the respective claims of the parties as to this cause of action.

The cause will therefore be remanded to the trial court for further proceedings according to law.

MILLER, PJ, WISEMAN, J, concur.